**ILLINOIS EMPLOYERS INSURANCE OF WAUSAU, Plaintiff-Appellee,**

v.

**Timothy S. MIHALCIK, Defendant-Appellant.**

No. 85–3195.

United States Court of Appeals, Seventh Circuit.

Argued May 12, 1986.

Decided Sept. 17, 1986.

Kenneth P. Frankel, Smith & Smith, Avon Lake, Ohio, for defendant-appellant.

Robert Marc Chemers, Pretzel & Stouffer, Chtd., Chicago, Ill., for plaintiff-appellee.

Before BAUER, and WOOD, Circuit Judges, and CAMPBELL, Senior District Judge.*

HARLINGTON WOOD, JR., Circuit Judge.

This appeal arises out of an interpleader action filed by Illinois Employers Insurance of Wausau ("Illinois Employers") against the numerous claimants who filed actions for damages against Illinois Employers' insureds, Rapco Foam, Inc. and Rapperswill

Corporation. Appellant Timothy Mihalcik is a defendant in the federal statutory interpleader action and a plaintiff in an Ohio action against Rapperswill Corporation. Mihalcik obtained a default judgment against Illinois Employers in Ohio in the action originally filed by Mihalcik against Rapperswill Corporation. Illinois Employers obtained an injunction from the district court prohibiting Mihalcik from prosecuting or commencing any action in any court against Illinois Employers except in the federal statutory interpleader action. Mihalcik appeals the district court's decision to grant the injunction. We affirm.

Between November 4, 1976 and December 4, 1977, Illinois Employers insured Rapco Foam, Inc. and Rapperswill Corporation. The insureds have since been adjudicated bankrupt in an unrelated proceeding in South Carolina. On May 18, 1983, Illinois Employers filed this interpleader action and deposited with the district court the balance of the coverage under the limits of the policy, $73,750. Mihalcik is one of the several hundred claimants named in the interpleader action whose aggregate claims exceed $10,000,000.

Mihalcik and his family had previously filed suit against Rapperswill Corporation in the Court of Common Pleas, Lorain County, Ohio. On June 8, 1983, Mihalcik and his family recovered default judgments of $175,000 in the Ohio proceeding. Mihalcik's own judgment was for $50,000. On July 12, 1983, Mihalcik and his family filed a supplemental complaint in the Ohio proceeding which added Illinois Employers (along with other insurers of Rapperswill Corporation) as "new party defendants" in an attempt to collect the judgments entered against Rapperswill Corporation. On August 24, 1984, Mihalcik and his family obtained a default judgment against Illinois Employers in the amount of $73,750, of which $21,071.42 was for Mihalcik.[1]

* The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

1. There is apparently some question about the validity of the Ohio judgment against Illinois Employers, but that is not before us on this appeal. We will assume that the judgment is valid.

Counsel for Mihalcik notified Illinois Employers of the default judgments in a letter dated August 16, 1985. On October 4, 1985, Illinois Employers moved in the federal statutory interpleader action for an injunction to prevent Mihalcik from attempting to collect a judgment against Illinois Employers except in the interpleader action. Chief Judge McGarr issued the injunction on November 25, 1985.

Mihalcik claims that the trial court's decision to issue the injunction was erroneous because Mihalcik was not attempting to attach the interpleader funds. Mihalcik argues that he got a general judgment against Illinois Employers in the Ohio proceeding and therefore his attempt to recover in Illinois does not affect the interpleader funds. We disagree.

■ It is true that, under 28 U.S.C. § 2361, the district court may only enjoin claimants from instituting any proceedings "affecting the property, instrument or obligation involved in the interpleader action." In this case, the claim clearly affects the obligation involved in the interpleader action. Mihalcik concedes in his brief that his "claim against [Illinois Employers] in the Lorain County Court of Common Pleas arose out of the policy of liability insurance which is also the subject of the interpleader action." [2] Mihalcik fails to allege any other legal theory upon which Illinois Employers might be liable to him. We conclude, therefore, that Mihalcik's claim falls squarely within the district court's authority under 28 U.S.C. § 2361 to enjoin attempts by claimants to attach the *res* subject to a statutory interpleader action. Mihalcik concedes that Illinois Employers is liable to him only on the insurance policy covering Rapperswill Corporation, and Illinois Employers has deposited the extent of its coverage under the insurance policy with the district court. Indeed, Mihalcik concedes that the trial court had the authority to enjoin him from attaching the interpleader funds.

■ Mihalcik argues that his claim does not fall within section 2361 because he has already obtained a default judgment against Illinois Employers itself. Neither party has cited any precedent, and we are aware of none, where the claimant against the insured party has, subsequent to the interpleader action, obtained a default judgment against the stakeholder insurance company on the basis of its derivative liability. The fact that Mihalcik has obtained a default .judgment against Illinois Employers in the Ohio action (on the basis of the claim which is subject to the pending federal interpleader action) does not, we believe, change the fact that Mihalcik is attempting to attach the *res* of the interpleader action. Although Mihalcik has made a resourceful attempt to circumvent the interpleader action, to allow Mihalcik to prevail on his attempt would encourage the multiple litigation and "race to judgment," *see State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 533, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270 (1967), which the interpleader procedure is intended to prevent. We hold, therefore, that where a claimant sues an insured party, and subsequently the insurance company files a federal interpleader action and deposits the limits of its coverage under the insured's policy with the court, a default judgment obtained by the claimant against the insurance company based solely upon the insurance policy is still subject to the interpleader action.[3]

**2.** This is underscored by the fact that the Mihalcik family sought the exact amount of damages from Illinois Employers that Illinois Employers had already deposited with the district court in the interpleader action.

**3.** We are mindful of the fact that, assuming the insurance company has proper notice of the proceedings and the other statutory and constitutional requirements for jurisdiction are met, the insurance company can take steps to avoid default judgments in the state courts. We note, however, that if we were to hold for Mihalcik, then every one of the hundreds of claimants against Illinois Employers could likewise pursue default judgments, requiring Illinois Employers to respond or else be liable beyond the limits of its policy with the insureds. The purpose of interpleader is to allow a party who concedes liability to have conflicting claims against it resolved in one forum. It would be inconsistent

Having placed Mihalcik's Ohio judgment against Illinois Employers in the proper perspective, it is clear that Mihalcik's full faith and credit argument is without merit. Mihalcik cites no authority for his argument that a district court violates full faith and credit considerations by properly enjoining one of many adverse claimants in a statutory interpleader action from attaching the *res*. The fact that Mihalcik has reduced his derivative claim against the stakeholder to a judgment does not affect the interpleader action. *See In re Bohart*, 743 F.2d 313, 325 (5th Cir.1984).

Mihalcik's laches argument is likewise without merit. Illinois Employers moved for an injunction less than two months after being notified by Mihalcik's counsel of the Ohio default judgment. Moreover, Mihalcik has suffered no damage by the passage of time. The decision of the district court is AFFIRMED.

with that purpose to require the stakeholder to also defend itself in hundreds of state court actions concerning the same claims.